IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUAN RANGEL-ORTIZ,<br>ELVIA TOMASA REYES,<br>BRANDON BRYAN LEE,<br>CARLOS ALEXANDER RODRIGUEZ HERRERA,<br>MICHAEL FOSTER GOODROAD, and<br>JESSICA CHILDERS,<br><br>    Defendants. | Case No. 22-CR-430-JFH |

## OPINION AND ORDER

Before the Court is a joint motion requesting the Court declare case complex ("Motion") filed by the United States of America ("Government") and counsel for Defendants Elvia Reyes ("Reyes"), Brandon Bryan Lee ("Lee"), Carlos Herrera ("Herrera"), Michael Foster Goodroad ("Goodroad"), and Jessica Childers ("Childers"). Dkt. No. 83.[1] Defendant Juan Rangel-Ortiz ("Rangel-Ortiz") was not apprehended at the time of the Motion's filing but has since been apprehended [Dkt. No. 91] and his counsel stated at a hearing on January 10, 2023 that Rangel-Ortiz joined the Motion. For the reasons stated, the Motion is GRANTED.

The Indictment in this case charges eight (8) Defendants[2] with twenty-five (25) counts involving drug conspiracy and related crimes. Dkt. No. 33. The Motion states discovery will

---

[1] The Motion states "filed under seal" on the first page but was not docketed as a sealed motion. *Id.* No counsel requested the January 10, 2023 hearing be sealed and the case itself is not sealed. The Court therefore concludes that the sealed designation on the first page of the Motion was a typographical error.

[2] Two (2) Defendants—Malave Gutierrez and Gabriel Silva-Esparza—remain at large.

involve Title III intercepted communications, recordings, line sheets, and transcripts; electronically stored information ("ESI") including without limitation data extracted from cellular devices; CALEA recordings from monitored calls; pole camera footage; law enforcement reports; surveillance photos; evidence seized pursuant to search warrant; photos; and forensic reports. Dkt. No. 83 at 2. The parties state the "case will require an extraordinary amount of time for each attorney to (1) review, digest, and evaluate the discovery[;] (2) consult with their clients; and (3) investigate the information." *Id.* at 3.

For the reasons set forth in the Motion, including those noted herein, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161. The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and the Defendants in a speedy trial. Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

IT IS THEREFORE ORDERED that the joint motion requesting the Court declare case complex [Dkt. No. 83] is GRANTED. The jury trial set for February 21, 2023 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Joint status report regarding production of discovery due: | 3/30/2023 |
| Notices due: | 3/30/2023 |

    This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

| | |
|---|---|
| Motions and objections to notices due: | 4/6/2023 |

    Absent good cause, motions in limine shall be filed by this date

    Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | 4/27/2023 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs due: | 5/5/2023 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 5/11/2023 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 5/11/2023 | by 4:00 pm |
| Jury trial: | 5/15/2023 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing.

Only one omnibus motion in limine and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial.  Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the Pretrial Docket Call) will be set.  The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the Change of Plea Hearing.

The parties are encouraged to review the Court's [Criminal Guidelines](#).

Dated this 10th day of January 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE